Filed 3/2/16  In re Victor D. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re VICTOR D., et al., Persons Coming Under the Juvenile Court Law. | B264464 |
| | (Los Angeles County Super. Ct. No. DK08930) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent.<br><br>    v.<br><br>CHRISTINA T., et al.,<br><br>        Defendants and Appellants. | |

APPEALS from orders of the Superior Court of Los Angeles County.  Debra Losnick, Commissioner.  Affirmed.

William Hook, under appointment by the Court of Appeal, for Defendant and Appellant Christina T.

Daniel G. Rooney, under appointment by the Court of Appeal, for Defendant and Appellant Victor D.

Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Jessica Paulson-Duffy, Deputy County Counsel for Plaintiff and Respondent.

Appellants Victor D. (father) and Christina T. (mother) appeal from the juvenile court's jurisdictional findings and orders that their children Victor Jr. (born Aug. 2004), D. (born Nov. 2008) and D'A. (born April 2012) were persons described by Welfare and Institutions Code section 300, subdivision (b).[1] We affirm the jurisdictional findings and orders.[2]

## BACKGROUND

### Referral and section 300 petition

On November 18, 2014, the Department received a referral from the Child Protection Hotline alleging that marijuana plants had been found in the family home during a probation compliance check. Father was on probation for a weapons violation and for evading police. Father's probation officer reported that father had a medical marijuana card that allowed him to grow marijuana legally; however, the plants were easily accessible to two-year-old D'A., and this prompted the child welfare referral.

Later that day, the Department's social worker arrived at the home, a two-bedroom apartment that the family shared with an adult male named Timothy C. Timothy occupied one of the bedrooms, and the family occupied the other one. The children slept in the same bedroom with their parents.

Mother told the social worker that she had been diagnosed with depression and took prescription medication to address the problem. She said she does not sleep well at night but that she sleeps during the day and that father cares for D'A. while she sleeps. Mother acknowledged that father and Timothy both smoke marijuana and that father does so three to four times a day or as needed. The children were aware of father's marijuana use. Mother knew that father was cultivating marijuana but she had not realized that the

---

[1]     All further statutory references are to the Welfare and Institutions Code.

[2]     Neither mother nor father challenges the juvenile court's dispositional order releasing the children to the parents and placing the children and parents under the supervision of the Los Angeles County Department of Children and Family Services (the Department) for a time period consistent with section 301.

2

marijuana plants placed the children in any danger. She said she now understood the risk and that the plants were gone and father would no longer grow marijuana.

Father said he was currently unemployed but that mother cared for the children and watched over them the majority of the time. He said he was on probation for evading a peace officer and for having a gun in his car. Father admitted to being drunk at the time he was arrested and for the three days preceding his arrest. In addition to the 2011 conviction for evading a peace officer and carrying a loaded firearm, father's criminal history included a 2007 conviction for possessing one ounce or less of marijuana while driving.

Father said that he was suffering from kidney failure as the result of excessive alcohol consumption but that he now drinks alcohol only on social occasions. He stated that marijuana is the only drug he uses and that he does so approximately two times a day for pain management. Father said he smokes marijuana either outside the home or in the bedroom. He denied that his marijuana use impairs his ability to parent the children. He said that that the older children are usually not at home when he smokes marijuana, and that mother usually cares for D'A.

D. told the social worker that he and his siblings are well cared for by the parents. He said father hits him with a belt when he misbehaves but that the discipline did not hurt or cause any bruises. D. said there had been plants in the home that the children were not allowed to touch, but he had once seen D'A. place his toy among the plants.

Victor told the social worker that there is food in the home, clean clothes to wear daily, and that he is given medicine when he is sick. He said there had been plants in the bedroom that the children share with the parents and that father smokes cigarettes outside.

Timothy told the social worker that he had been living with the family for a few months. He denied any criminal history and said he does not care for the children but occasionally plays video games with them. He said he currently uses marijuana, has a medical marijuana card, and smokes and stores his marijuana outside the home.

Timothy, mother, and father all agreed to an on-demand drug test on November 26, 2014. The test results were negative for mother. Father tested positive for cannabis at a level of 1425 ng/ml. and Timothy tested positive for cannabis at a level of 3432 ng/ml.

The social worker returned to the home for an unannounced visit on December 9, 2014, and observed no marijuana or drug paraphernalia and no safety threats. The children appeared clean and well groomed. Both parents were cooperative but stated that they did not want the Department to be involved.

The social worker made another unannounced visit to the home on December 16, 2014, and discussed with both parents the possibility of a voluntary family maintenance plan. The social worker explained that in order to receive voluntary services, father would have to curtail his marijuana use. Father stated he smokes daily and throughout the day and did not feel he should stop. Father admitted to caring for the children while under the influence of marijuana and admitted to being under the influence of marijuana while speaking with the social worker. Mother said she supports father's marijuana use and that she would not ask him to stop. Both parents declined voluntary services.

On December 30, 2014, the Department filed a section 300 petition, alleging, under subdivisions (a) and (b), that father's physical discipline of the children placed them at risk of harm; under subdivision (b), that the parents maintained a hazardous home environment by cultivating marijuana in the home within access of the children and by allowing Timothy to possess, use, and be under the influence of marijuana while in the presence of the children; that father's history of substance abuse and current use of marijuana rendered him incapable of providing regular care and supervision of the children; that mother failed to protect the children from father's substance abuse and marijuana use; and that mother's mental and emotional problems, including a diagnosis of depression, rendered her incapable of providing regular care for the children. The petition further alleged, under subdivision (j), that the parents physically abused Victor and D. by striking them with a belt.

4

At a December 30, 2014 hearing, the juvenile court found father to be the presumed father of D. and Victor. The court found a prima facie case for detaining all three children but ordered them released to their parents pending further court order. The court further ordered the Department to conduct a multidisciplinary assessment of the family and to provide family maintenance services.

**Jurisdiction and disposition**

In a February 18, 2015 interview, the parents told the social worker that father no longer physically disciplines the children. Victor told the social worker that he had not been spanked for a long time and that he now does pushups as punishment for misbehavior.

Both parents denied the allegations regarding father's and Timothy's marijuana use. They said the marijuana plants were no longer in the home. Father said Timothy was a long-time family friend and that the children are not in harm's way. He said that he uses marijuana for back pain and plantar fasciitis, that he is able to function after marijuana use, and that he is not willing to discontinue his use.

Mother reported that she no longer suffers from depression. She said she saw a doctor who prescribed medication for a thyroid condition, and that she feels better and no longer sleeps during the day. Both parents declined voluntary services.

At the April 18, 2015 adjudication hearing, the juvenile court found mother and father to be the presumed parents of D'A. After admitting the Department's reports into evidence and hearing argument from the parties, the juvenile court dismissed the physical abuse allegations under section 300, subdivisions (a), (b), and (j), as well as allegations, under subdivision (b), regarding mother's mental and emotional problems. The court sustained the allegations regarding a hazardous and detrimental home environment as the result of father's cultivation and use of marijuana while the children were in his care, mother's failure to protect the children, and both parents' failure to protect the children from Timothy's marijuana use. The sustained allegations state:

5

b-4

"[Mother and father] placed the children in a detrimental, endangering, and hazardous home environment in that on 11/18/2014, three marijuana plants and marijuana cultivation storage space, was found in the children's home, within access of the children. The mother and the father allowed an unrelated male, Timothy [C.], to possess, use illicit drugs, and be under the influence of illicit drugs in the children's home and in the presence of the children. On 11/26/2014, the unrelated male had a positive toxicology screen for marijuana. Such a detrimental, endangering, and hazardous home environment established for the children by the mother endangers the children's physical health and safety, creates a detrimental home environment, and places the children at risk of physical harm, damage and danger."

b-5

"[F]ather . . . has a history of substance abuse, including marijuana and alcohol, and is a current user of marijuana, which renders the father incapable of providing regular care and supervision of the child. On 11/26/2014, the father had a positive toxicology screen for marijuana. On prior occasions, the father possessed, used, and was under the influence of illicit drugs while the children were in the father's care and supervision. The father has a criminal history of a conviction of Possession of 1 oz or Less While Driving. The child [D'A.] is of such a young age that he requires constant care and supervision. The father's substance abuse and the mother's failure to protect the children endangers the children's physical health and safety and places the children at risk of physical harm, damage, danger, and failure to protect."

The juvenile court found all three children to be persons described under section 300, subdivision (b) and ordered the children released to their parents under the Department's supervision for a period of time consistent with section 301.[3]

Mother and father filed separate appeals and join in each other's appeals.

---

[3]     Section 301 provides for a program of Departmental supervision of a child who is within the jurisdiction of the juvenile court or who will probably soon be within that jurisdiction and for the provision of appropriate child welfare services for a six-month time period. (§§ 301, 16506, 16507.3.)

6

**DISCUSSION**

## I. Standard of review

We review the juvenile's court's jurisdictional findings under the substantial evidence standard. (*In re Heather A.* (1996) 52 Cal.App.4th 183, 193.) Under this standard, we review the record to determine whether there is any reasonable, credible, and solid evidence to support the juvenile court's conclusions, and we resolve all conflicts in the evidence and make all reasonable inferences from the evidence in support of the court's orders. (*In re Savannah M.* (2005) 131 Cal.App.4th 1387, 1393.)

## II. Jurisdictional findings

Section 300, subdivision (b)(1) states that a child may be adjudged a dependent of the juvenile court if "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child . . . or by the inability of the parent or guardian to provide regular care for the child due to the parent's or guardian's mental illness, developmental disability, or substance abuse."

Section 300 does not define the term "substance abuse," and courts have applied various standards in an effort to formulate a workable definition. In *In re Drake M.* (2012) 211 Cal.App.4th 754 (*Drake M.*), Division Three of this court proposed a definition of substance abuse based on the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (DSM). (*Id.* at p. 765.) The court in *Drake M.* held that "a finding of substance abuse for purposes of section 300, subdivision (b), must be based on evidence sufficient to (1) show that the parent or guardian at issue had been diagnosed as having a current substance abuse problem . . . as defined in the [DSM]." (*Drake M.*, at p. 766.) The most recent edition of the DSM identifies 11 relevant criteria, including cravings and urges to use the substance; spending a lot of time getting, using, or recovering from use of the substance; giving up important social, occupational or recreational activities because of substance use; and not managing to do what one should at work, home or school because of substance use. (*In re Christopher R.* (2014) 225 Cal.App.4th 1210, 1218, fn. 6 (*Christopher R.*).)

7

Recognizing the *Drake M.* court's definition of substance abuse "as a generally useful and workable definition . . . for purposes of section 300, subdivision (b)," Division Seven of this court, in *Christopher R.*, nevertheless concluded that it was "not a comprehensive, exclusive definition mandated by either the Legislature or the Supreme Court" and was "unwilling to accept [the] argument that only someone who has been diagnosed by a medical professional or who falls within one of the specific [DSM] categories can be found to be a current substance abuser. [Citations.]" (*Christopher R., supra*, 225 Cal.App.4th at p. 1218.) The court in *Christopher R.* held that a mother's "use of cocaine while in the final stage of her pregnancy, combined with her admitted use of the drug in the past and her failure to consistently test or enroll in a drug abuse program, justified the juvenile court's exercise of dependency jurisdiction over her children." (*Id.* at pp. 1218-1219.)

### A. *Substantial evidence supports the jurisdictional findings*

The parents contend there was insufficient evidence that father was a substance abuser. Although they claim there was no evidence that father met any of the DSM criteria for substance abuse, there was evidence that father spent much of his day using or recovering from the use of marijuana. Mother stated that father smoked marijuana three to four times a day. Father said he smoked marijuana daily and throughout the day, and admitted to caring for the children while under the influence of marijuana.

Even if father's conduct fell outside the DSM criteria, the juvenile court was not precluded from finding him to be a current abuser of marijuana. (*Christopher R., supra*, 225 Cal.App.4th at p. 1218 [DSM criteria are not the sole and exclusive bases for determining whether a person is a substance abuser].) Father's history of substance abuse is also a relevant factor. (*In re Alexis E.* (2009) 171 Cal.App.4th 438, 451 (*Alexis E.*).) Father admitted that he suffered from kidney failure as the result of excessive alcohol consumption. He also had a previous conviction for illegal possession of marijuana. Father's history of substance abuse, his current daily use of marijuana throughout the day, and his admission that he cared for the children while under the influence of marijuana, supports a finding of substance abuse.

8

Because D'A. was under the age of seven at the time of the jurisdiction hearing, or a child of "tender years" as described by the court in *Drake M.*, "'the finding of substance abuse is prima facie evidence of the inability of the parent or guardian to provide regular care resulting in a substantial risk of harm.' [Citations.]" (*Christopher R., supra*, 225 Cal.App.4th at p. 1219.) There was, moreover, other evidence of risk of harm to the children. Father had been cultivating marijuana in a place accessible to the children. D. observed D'A. playing with the marijuana plants. Father admitted smoking marijuana in the bedroom that the parents shared with the children, placing them at risk of exposure to second hand marijuana smoke. (*Alexis E., supra*, 171 Cal.App.4th at p. 452.)

The parents cite *Drake M.* as support for their position; however, that case is distinguishable. The father in *Drake M.* also smoked marijuana for pain relief but did not smoke on a daily basis. He kept the marijuana in a locked toolbox on an upper shelf, did not smoke in the home, was never under the influence of marijuana while caring for his nine-month-old child alone, and had no criminal history or recurrent substance related legal problems. (*Drake M., supra*, 211 Cal.App.4th at pp. 761, 767.) Here, in contrast, father had a history of substance abuse and a criminal history that included illegal possession of marijuana, evading a peace officer while under the influence of alcohol, and carrying a loaded firearm. He cultivated marijuana in a place accessible to two-year-old D'A., smoked marijuana daily, several times a day and throughout the day, and smoked in the children's home.

Father argues there was no evidence of risk of harm to the children at the time of the jurisdictional hearing because he had removed the marijuana plants from the home, discontinued marijuana cultivation, and was legally and medically authorized to use marijuana for pain management. Father's daily marijuana use, several times a day throughout the day, his use of marijuana in the bedroom that he shared with the children, and his admission that he cared for the children, including two-year-old D'A., while under the influence of marijuana is substantial evidence that the children were at risk of harm.

9

Substantial evidence supports the juvenile court's jurisdictional findings under section 300, subdivision (b).

**DISPOSITION**

The juvenile court's findings and orders that the children are persons described under section 300, subdivision (b) are affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
                                                CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST